UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**JACK E. POLO,**<br>               **Defendant.** | Crim. No. 12-690 (KM)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

      At his guilty plea, the defendant, Jack E. Polo, was represented by William Ezersky, Esq. Mr. Ezersky has sought to withdraw as counsel, but I have not yet granted him leave to do so. A second attorney, Stuart Jay Young, Esq., has appeared on behalf of Mr. Polo for purposes of this motion only. A third attorney, Howard R. Birnbach, Esq., has submitted an affidavit stating that he has consulted with Polo but has not been retained or paid. Without committing himself, Birnbach says that retention will be "pursued" if "the plea is vacated and I become a co-counsel to one who is admitted to practice in this jurisdiction and who is fully versed with criminal law and the rules of this Court." Birnbach's affidavit acknowledges that, although entrapment is a "high risk" strategy, he "anticipates" that the trial evidence will show that "criminality would not have occurred but for the Government."

      On July 10, 2014, I heard oral argument on the motion of Jack E. Polo to withdraw his guilty plea. Because the grounds involved an assertion that Ezersky's representation was ineffective, I permitted Mr. Young to appear for this purpose.

      Polo does not contend that his plea of guilty was procedurally defective in any way, or deny that he duly admitted his guilt under oath. Rather, he contends that Ezersky provided ineffective assistance of counsel in that, before counseling him to plead guilty, Ezersky failed to review the tape recordings provided in discovery and failed to advise Polo that he could assert a defense of entrapment at trial.

It appears to the Court that the issue of ineffective assistance will have to be faced, either now or later in a motion pursuant to 28 U.S.C. § 2255. To avoid waste of judicial resources on proceedings that may potentially be vacated, and to take advantage of fresher memories, I opt to hear it now.

The motion appears to present certain issues of fact. I leave it to the parties to shape the proofs, but potential issues might include Polo's reasons for wishing to withdraw the plea; whether Ezersky reviewed the tapes; whether anything in the tapes would support a viable defense of entrapment; the legal advice Ezersky gave Polo in connection with the plea; and whether the person identified as "Peter" was acting as a government agent when the offense was initiated.

Therefore, **IT IS**, this 16th day of July, 2014

**ORDERED** that the parties shall appear for an evidentiary hearing on August 7, 2014 at 2:30 pm. If a party does not compel the attendance of a witness by legal process properly served, that party does so at its own risk.

**IT IS FURTHER ORDERED** that any documentary or other exhibits to be introduced at the hearing shall be exchanged 3 days in advance of the hearing, or they will not be permitted in evidence absent a showing of good cause for noncompliance.

_____
KEVIN MCNULTY, U.S.D.J.